UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN MCINTYRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00573-TWP-DML |
| | ) | |
| GEO GROUP, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT,
DISMISSING DEFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Steven McIntyre brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights and Indiana tort law. Because Mr. McIntyre is a "prisoner," as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I.    SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. THE COMPLAINT

In his Complaint, Mr. McIntyre names the following defendants in their individual and official capacities: GEO Group Inc. ("GEO"), Wexford Medical Services ("Wexford"), Dr. John Nwannunu, Nurse Jones, Dr. Falconer, J. French, and Ms. Winningham. He is seeking compensatory and punitive damages and injunctive relief.

The complaint alleges the following. Mr. McIntyre has two prosthetic legs. When he arrived at his facility, he told prison officials that he needed to be housed in a handicap-accessible cell. Although handicap-accessible cells were available in the unit, prison officials placed him in a different cell without handrails. As a result, Mr. McIntyre fell trying to lift himself out of bed and injured his hand and fingers.

Nurse Jones treated Mr. McIntyre for his injuries. He told Nurse Jones that he had pins in his hand from a previous injury, but she ignored him. Her attempts to realign his knuckles were painful and ineffective. Dr. Falconer also tried to realign his knuckles. Mr. McIntyre told Dr. Falconer about the pins in his hand, but Dr. Falconer ignored him, too. This resulted in a painful and unsuccessful procedure.

Both Dr. Falconer and Dr. Nwannunu refused to provide Mr. McIntyre with any pain medication but Tylenol, which was ineffective. Wexford has a practice of refusing to provide pain medications other than Tylenol for any injury no matter how painful. Dr. Nwannunu refused to request a referral for a hand specialist. Dr. Falconer did request a referral to a hand specialist, but Wexford denied this request based on its practice of sacrificing inmate care to save money.

Ms. Winningham is a grievance specialist. She reviewed Mr. McIntyre's grievances related to his medical care but refused to intervene in his treatment.

Ms. French is a classification director. She knew about Mr. McIntyre's prostheses but failed to place him in a handicap-accessible cell. She also refused to intervene in his treatment after he sent her copies of his grievances.

### III.  DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted).

Mr. McIntyre's Eighth Amendment medical claims and Indiana medical negligence claims **shall proceed** against Wexford and against Nurse Jones, Dr. Falconer, and Dr. Nwannunu in their individual capacities.

Mr. McIntyre's Eighth Amendment claim against GEO for failing to house him in a handicap-accessible cell is **dismissed** because the complaint does not allege this failure resulted from a GEO policy or custom. To be liable under § 1983, private corporations acting under color of state law must have an express policy or custom that resulted in a constitutional deprivation. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *Estate of Moreland v.*

*Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004). His Eighth Amendment claim against Wexford for this failure is **dismissed** because Wexford is not responsible for assigning inmates to their cells.

However, Mr. McIntyre's Indiana negligence claim against GEO for this failure **shall proceed** on a theory of vicarious liability. *See Sword v. NKC Hospitals, Inc.*, 714 N.E.2d 142, 148-49 (Ind. 1999) (an employer may be vicariously liable for the negligent acts of its employees) (citing RESTATEMENT (SECOND) of TORTS § 429). His Eighth Amendment and Indiana negligence claims for this failure **shall proceed** against Ms. French in her individual capacity.

All claims against Ms. Winningham are **dismissed**. As a non-medical prison official, she was entitled to defer to the decisions of Mr. McIntyre's medical team. The complaint does not allege that his treatment was so obviously inadequate that a lay person was required to intervene. For the same reason, his medical claims against Ms. French are also **dismissed**. "Non-medical defendants . . . can rely on the expertise of medical personnel." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). The Seventh Circuit has made clear that, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.*

This summary includes all viable claims identified by the Court. If Mr. McIntyre believes the complaint states additional claims, he has through **July 13, 2021**, to identify them.

## IV. SUMMARY AND FURTHER PROCEEDINGS

Mr. McIntyre's Eighth Amendment medical claims and medical negligence claims **shall proceed** against Wexford and against Nurse Jones, Dr. Falconer, and Dr. Nwannunu in their individual capacities. His Eighth Amendment and negligence claims **shall proceed** against Ms. French in her individual capacity for failing to place him in a handicap-accessible cell. His

negligence claim **shall proceed** against GEO for failing to place him in a handicap-accessible cell. All other claims are **dismissed**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Wexford of Indiana, LLC, Nurse Jones, Dr. Falconer, Dr. John Nwannunu, J. French, and GEO Group, Inc., in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **clerk is directed** to terminate Ms. Winningham as a defendant on the docket and to change "Wexford Medical Services" to "Wexford of Indiana, LLC" as a defendant on the docket.

**IT IS SO ORDERED**.

Date: 6/22/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

STEVEN MCINTYRE
186439
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronic Service to Wexford of Indiana, LLC

NURSE JONES
New Castle Correctional Facility – Medical Staff
1000 Van Nuys Road
New Castle, IN 47362

DR. NWANNUNU
New Castle Correctional Facility – Medical Staff
1000 Van Nuys Road
New Castle, IN 47362

DR. FALCONER
New Castle Correctional Facility – Medical Staff
1000 Van Nuys Road
New Castle, IN 47362

J. French
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

GEO Group, Inc.
1657 Commerce Drive #9B
South Bend, IN 46628

Courtesy Copy to:
Adam Forrest
BBFCS ATTORNEYS
27 N. Eighth Street
Richmond, IN 47374